**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Bernard E. Bulwer, M.D.

     v.                                 Civil No. 1:13-cv-521-LM
                                      Opinion No. 2014 DNH 163

Massachusetts College of
Pharmacy and Health Sciences


**O R D E R**

Bernard Bulwer, M.D. brought suit against Massachusetts
College of Pharmacy and Health Sciences (the "College"), asserting
claims for copyright infringement, conversion and
misappropriation, and unjust enrichment.  The College moves to
dismiss the complaint pursuant to Federal Rule of Civil Procedure
12(b)(2), claiming that the court lacks personal jurisdiction over
it.  Bulwer objects to the motion.


**Standard of Review**

When personal jurisdiction is contested, the plaintiff bears
the burden of establishing that the court has such jurisdiction.
See Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995).
Allegations of jurisdictional facts are construed in the
plaintiff's favor, see Buckley v. Bourdon, 682 F. Supp. 95, 98
(D.N.H. 1988), and if, as here, the court proceeds based upon the
written submissions of the parties without an evidentiary hearing,

the plaintiff need only make a prima facie showing that jurisdiction exists, see Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 8 (1st Cir. 1986); see also Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 674-75 (1st Cir. 1992).

"To make a prima facie showing of jurisdiction, a plaintiff may not rest on the pleadings.  Rather, he or she must 'adduce evidence of specific facts' that support jurisdiction." Dagesse v. Plant Hotel N.V., 113 F. Supp. 2d 211, 215 (D.N.H. 2000) (quoting Forest-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995)); see also GE Mobile Water, Inc. v. Red Desert Reclamation, LLC, No. 13-cv-357-PB, 2014 WL 900715, at *2 (D.N.H. Mar. 7, 2014).  The court is tasked with determining "whether the facts duly proffered, [when] fully credited, support the exercise of personal jurisdiction." Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 84 (1st Cir. 1997) (citing Boit, 967 F.2d at 675).  The court may also consider facts offered by the defendants, but only to the extent they are uncontradicted. Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).

## Background[1]

The College is a nonprofit college incorporated in Massachusetts.  The College has three campuses: two are located in Massachusetts (Boston and Worcester), and one is located in New Hampshire (Manchester).  In addition, the College offers courses online.  The majority of the College's students take courses on the Boston campus, which is the College's main campus.

In February of 2012, the College hired Bernard Bulwer, M.D., a citizen of Belize, as the "Program Director and Associate Professor of its Diagnostic Medical Sonography Program – Cardiovascular Track (Echocardiography)."  Compl. ¶ 19.  Bulwer is "the registered author and owner of over 4,230 copyrighted medical illustrations and images . . . ."  Id. ¶ 11.  Bulwer's illustrations and images were created and copyrighted prior to his employment with the College.

Bulwer alleges that he used his copyrighted material in preparing coursework and lecture materials for the Diagnostic Medical Sonography ("DMS") program.  In January of 2013, less than a year after he was hired, Bulwer was informed via letter written by the interim dean of the school, Douglas Pisano, that he would be terminated, effective June 30, 2013.  The letter

---

[1] The background is taken from the allegations in the complaint, the facts offered by Bulwer in support of personal jurisdiction, and the uncontradicted facts offered by the College in its motion to dismiss.

contained directives concerning Bulwer's teaching schedule and course development for the DMS program until his effective termination date.  Bulwer's appeal of the termination decision was denied by the College's Provost, Dr. George Humphrey, on February 12, 2013.

Until his effective termination date, Bulwer continued to assist in creating materials for the DMS program as he was directed to do by Pisano's letter.  In April of 2013, at the College's request, Bulwer provided the College materials for echocardiography courses in PowerPoint format.  Bulwer alleges that the PowerPoint materials, as well as much of the coursework provided to the College, contained his copyrighted work.  He also alleges that the College distributed and advertised his copyrighted work after his termination in order to promote the DMS program, and that it continues to use his work in its DMS courses.

Following his termination, Bulwer's visa expired and he was forced to leave the United States.  He currently resides in Belize.

## Discussion

The College argues that Bulwer has failed to plead facts sufficient to establish that the court has personal jurisdiction over the College.  The College contends that the court does not

have specific jurisdiction over it because Bulwer's claims do not arise from any of the College's contacts with New Hampshire. The College also argues that the court does not have general jurisdiction over it because the College's contacts with New Hampshire are limited. In response, Bulwer contends that the College's contacts with New Hampshire are sufficient for the court to exercise both specific and general jurisdiction.

"Personal jurisdiction implicates the power of a court over a defendant. In a federal court, both its source and its outer limits are defined exclusively by the Constitution." Forest-Miller, 46 F.3d at 143. "[D]ifferent constitutional amendments control personal jurisdiction, depending on the basis for federal subject-matter jurisdiction." PFIP, LLC v. You-Fit, Inc., No. 08-271-JL, 2009 WL 1121359, at *10 (D.N.H. Apr. 27, 2009). "In general, state actors are subject to the Fourteenth Amendment's Due Process Clause and federal actors are governed by the Fifth Amendment's counterpart provision." Automated Facilities Mgmt. Corp. v. Smartware Grp., Inc., No. 12-cv-327-PB, 2013 WL 5723314, at *2 (D.N.H. Oct. 21, 2013) (citing Malloy v. Hogan, 378 U.S. 1, 26 (1964)). "If jurisdiction is determined under the Fourteenth Amendment, the defendant's contacts with the state in which the court sits will determine whether due process has been satisfied, but if jurisdiction is determined under the Fifth Amendment, a defendant's contacts with the United States as a whole will

ordinarily be dispositive." Id. (citing United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001)).

    In a case where, as here, a plaintiff's federal claim arises under a statute that does not provide for nationwide service of process on defendants,[2] "that distinction is largely academic." PFIP, 2009 WL 1121359, at *11.  In such a case, "to bring the defendant[] within the jurisdiction of this court, [the defendant] must be served under Rule 4(k)(1) of the Federal Rules of Civil Procedure, which, in relevant part, [provides that a federal district court will have personal jurisdiction over a defendant] only to the extent permitted by the law of the state in which the district court sits." Id. (internal quotation marks and citations omitted).  The proper inquiry is, therefore, whether the exercise of jurisdiction is sanctioned by the long-arm statute of the forum state and comports with due process requirements of the Constitution.  See Hannon v. Beard, 524 F.3d 275, 280 (1st Cir. 2008).

    The New Hampshire long-arm statute, N.H. Rev. Stat. Ann. § 510:4 (2013), "extends the jurisdiction of the New Hampshire courts as far as the due process clause of the Fourteenth Amendment allows." PFIP, 2009 WL 1121359, at *11; see also

_____

    [2] Bulwer's only federal claim is for copyright infringement under 17 U.S.C. § 501, et seq.  That statute does not provide for nationwide service of process.  See, e.g, Walker v. Concoby, 79 F. Supp. 2d 827, 829 n.1 (N.D. Ohio 1999).

Kimball Union Acad. v. Genovesi, 165 N.H. 132, 136 (2013).  Thus, the court employs a "constitutional analysis, which requires 'sufficient minimum contacts with the state, such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" GE Mobile Water, 2014 WL 900715, at *2 (quoting Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007)).

A court may exercise either specific or general personal jurisdiction based on the nature of the defendant's contacts with the forum state.  Carreras v. PMG Collins, LLC, 660 F.3d 549, 552 (1st Cir. 2011); N. Laminate Sales, Inc. v. David, 403 F.3d 14, 24 (1st Cir. 2005).  Bulwer argues that the court may exercise both specific and general personal jurisdiction over the College. The College contends that neither applies.

A.   Specific Jurisdiction

"Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." Swiss Am. Bank, 274 F.3d at 618 (internal quotation marks and citations omitted).  In other words, specific jurisdiction "may only be relied upon where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." Cossaboon v. Me. Med. Ctr., 600 F.3d 25, 31 (1st Cir. 2010); see also Bluetarp Fin., Inc. v. Matrix Const.

Co., 709 F.3d 72, 79 (1st Cir. 2013).  The First Circuit has set
forth three factors that apply when analyzing whether specific
jurisdiction exists: "relatedness, purposeful availment, and
reasonableness."  Phillips v. Prairie Eve Ctr., 530 F.3d 22, 27
(1st Cir. 2008); see also Adelson, 510 F.3d at 49.  An
"affirmative finding on each of the three elements of the test is
required to support a finding of specific jurisdiction."
Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d
284, 288 (1st Cir. 1999).[3]

"In the First Circuit, to determine whether a plaintiff's
tort claim meets the relatedness prong, [the court] ask[s]
whether 'the injury would not have occurred but for the
defendant's forum activity' (cause in fact) and whether 'the
defendant's in-state conduct gave birth to the cause of action'
(proximate cause)."  Sarah's Hat Boxes, L.L.C. v. Patch Me Up,
L.L.C., 12-cv-399-PB, 2013 WL 1563557, at *5 (D.N.H. Apr. 12,
2013) (quoting Mass. Sch. of Law, 142 F.3d at 35).  The
defendant's contacts with the forum state "must form an
important, or at least material, element of proof in the

---

[3] The parties do not discuss personal jurisdiction with
regard to each claim, but instead discuss it with regard to the
claims collectively.  Because Bulwer's state-law claims and his
copyright infringement claim arise out of the same common nucleus
of facts, the court will analyze the claims together.  See Scotch
Road Trust, LLC v. GF Princeton, LLC, No. 11-7743, 2012 WL
2369337, at *2 (E.D. Pa. June 21, 2012); 3M Co. v. Kinik Co., No.
04-123, 2004 WL 1328268, at *3 (D. Minn. June 15, 2004).

plaintiff's case." Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 137 (1st Cir. 2006) (internal quotation marks and citations omitted); see also Sawtelle, 70 F.3d at 1389 ("[The relatedness] requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contact between the defendant and the forum state.").

The College represents in its motion that Bulwer taught courses only at the College's Boston campus and that Bulwer resided at the College's Boston campus while he was employed by the College.[4]  In short, the College contends that all of its dealings with Bulwer occurred in Massachusetts.[5]  Bulwer does not dispute any of those facts in his objection.

Bulwer's theory as to specific jurisdiction is that the College offers courses in the DMS program online, and, therefore, New Hampshire residents and students at the Manchester campus may enroll in those courses.  Specifically, Bulwer argues that the College:

---

[4] The College includes, as an exhibit to its motion, the February 12, 2013, letter denying Bulwer's appeal that is referenced in paragraph 45 of the complaint.  The letter is addressed to Bulwer at 179 Longwood Avenue, Boston, MA 02115, the location of the College's Boston campus.

[5] The College includes with its motion the affidavit of Deborah O'Malley, the Vice President, General Counsel and Chief Compliance Officer, Legal Affairs, at the College.  The affidavit provides support for the representations in the College's motion.

> has directed its educational activities to residents in
> New Hampshire by offering courses at its Manchester
> campus and by offering online courses . . . . This
> litigation results from injuries related to, among
> other things, [the College]'s online courses,
> particularly courses offered in relat[ion] to the DMS
> program.  This program is offered online to Defendant's
> students (including New Hampshire residents and
> students at the Manchester campus) and may feature
> materials created by [Bulwer].

Obj. at 3-4.  Bulwer includes as an exhibit to his objection a

printout from the College's website for online courses, which

discusses the availability of courses in the DMS program.[6]

Bulwer's allegations in the complaint and the facts set

forth in his objection are insufficient to establish that the

College's contacts with New Hampshire satisfy the relatedness

prong of the specific jurisdiction analysis.  Bulwer's claims

arise out of the College's alleged copying, displaying, and

distributing his copyrighted material.  Bulwer alleges that the

---

[6] Although Bulwer asserts that the College offers courses at
its Manchester campus, it is unclear whether Bulwer intended to
argue that the College offers any courses in the DMS program at
its Manchester campus.  It appears from the College's website
that it does not offer such courses at the campus.  See
http://www.mcphs.edu/campuses/manchester/programs-at-this-campus;
see also Scheel v. Harris, No. 3:11-cv-18, 2011 WL 2559880, at *3
(W.D. Va. June 28, 2011) (when ruling on a motion to dismiss for
lack of personal jurisdiction, district court may take "judicial
notice of public documents . . . even when the documents were
neither referenced by nor integral to the plaintiff's complaint"
(internal quotation marks and citation omitted)).  Regardless, to
the extent Bulwer intended to assert that argument, it is not
sufficiently developed to be considered by the court.  See
Higgins v. New Balance Athletic Shoes, Inc., 194 F.3d 252, 260
(1st Cir. 1999); United States v. Zannino, 895 F.2d 1, 17 (1st
Cir. 1990).

College obtained and copied the copyrighted material in Massachusetts, and that it used the copyrighted materials in its courses offered in the Boston and Worcester campuses, as well as in its online programs.  Even assuming that New Hampshire residents have enrolled in online courses in the DMS program, it can hardly be said that those contacts with New Hampshire "are both the cause-in-fact and proximate cause of [Bulwer's] injury." Platten, 437 F.3d at 137.  In other words, Bulwer's claims would have arisen regardless of the College's contacts with New Hampshire and, therefore, those contacts do not form an important or material element of proof in Bulwer's case.

In addition, even if the use of Bulwer's copyrighted work in the DMS courses offered online could be enough to meet the relatedness prong of the specific jurisdiction analysis, Bulwer has not sufficiently alleged that his copyrighted materials are offered in those courses.  See Situation Mgmt. Sys., Inc. v. ASP. Consulting Corp., No. 05-cv-458-PB, 2006 WL 2349335, at *5 (D.N.H. Aug. 15, 2006) (finding specific jurisdiction lacking over defendant in case alleging claim for copyright infringement where plaintiff had "not proffered any facts suggesting that its materials were copied in New Hampshire or that any of the allegedly infringing works were distributed in New Hampshire"); see also Farkas v. Rich Coast Corp., No. 2:13-cv-926-LPL, 2014 WL 550594, at *15 (W.D. Pa. Feb. 11, 2014).  Rather, Bulwer argues

only that the DMS courses offered online "may feature materials
created by [Bulwer]."  Obj. (doc. no. 17) at 4 (emphasis added);
see also id. at 2 ("Plaintiff has not yet determined whether any
New Hampshire residents have accessed Plaintiff's materials
through the Defendant's online courses . . . .").  "In short,
plaintiff[] [has] failed to offer specific facts showing that
defendant[] conducted forum activities 'essential to' the alleged
infringement." Broady v. Hoppen, No. 12-cv-79-SM, 2012 WL
3731339, at *5 (D.N.H. Aug. 8, 2012) (quoting PFIP, LLC, 2009 WL
1121359, at *14).

       Because Bulwer has not satisfied the relatedness
requirement, the court needs not address the remaining prongs of
the specific-jurisdiction analysis to determine that Bulwer has
failed to make a prima facie case for the existence of specific
jurisdiction.

       B.   General Jurisdiction

       "Although a showing of minimum contacts is sufficient to
establish specific jurisdiction, the standard for establishing
general jurisdiction is considerably more stringent." Cossaboon,
600 F.3d at 32; see also Helicopteros Nacionales de Colombia,
S.A. v. Hall, 466 U.S. 408, 416 (1984).  "[G]eneral jurisdiction
requires affiliations so continuous and systematic as to render
[the defendant] essentially at home in the forum State." Daimler

AG v. Bauman, 134 S. Ct. 746, 758 n.11 (2014) (internal

puntuation and citation omitted); see also Goodyear Dunlop Tires

Ops., S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011).  "With respect

to a corporation, the place of incorporation and principal place

of business are paradigm . . . bases for general jurisdiction."

Daimler AG, 134 S. Ct. at 760 (internal quotation marks and

citations omitted).  "By contrast, those who live or operate

primarily outside [the forum] have a due process right not to be

subjected to judgment in its court as a general matter."  J.

McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2787 (2011)

(plurality opinion).

     Bulwer contends that the College's contacts with New

Hampshire are sufficient to render it "at home" in the state.  He

argues that the existence of the College's Manchester campus and

the inclusion of that campus on the College's letterhead and

website are sufficient to show that jurisdiction over the College

in New Hampshire is constitutionally fair even if his claims are

unrelated to the College's contacts with the state.

     The parties have not cited, and the court is not aware of

any, case law that addresses the issue of whether a satellite

campus in a forum state is sufficient to subject a college or

university to general jurisdiction in that forum.  The Supreme

Court has instructed, however, that only in an "exceptional case"

may a corporation be deemed at home and subject to general

jurisdiction in a state other than where it is incorporated or has its principal place of business.  Daimler AG, 134 S. Ct. at 761 n.19.  The circumstances of this case do not appear to be exceptional.

For example, the Supreme Court in Daimler AG cited Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952), as presenting an exceptional case sufficient to subject a corporation to general jurisdiction in a forum where it is not incorporated and in which it does not have its principal place of business.  In Perkins, the defendant, a foreign Philippine mining corporation that had ceased all mining activities abroad, was sued in Ohio.  Id. at 447-48.  The defendant's only business at the time of the suit was done in Ohio, where its president maintained his office, kept the company files, and supervised the company.  Id.  The Supreme Court held that the district court in Ohio properly exercised general jurisdiction over the defendant because "Ohio could be considered a surrogate for the place of incorporation or head office."  Daimler AG, 134 S. Ct. at 756 n.8 (internal quotation marks and citations omitted).

In this case, the College's website indicates that 5,808 of its 6,548 students, more than 88 percent, take courses at one of the Massachusetts campuses.  See http:/www.mcphs.edu/ about-mcphs/notable-facts-and-statistics.  In contrast, only 405 students, about six percent, take courses at the Manchester

campus.  See id.  In light of that disparity, the existence of
the Manchester campus does not meet Daimler AG's standard of a
surrogate place of incorporation or head office.  See, e.g.,
Cutcher v. Midland Funding, LLC, No. ELH-13-3733, 2014 WL
2109916, at *6-*7 (D. Md. May 10, 2014) (defendant's operation of
a place of business with several employees in the forum did not
subject it to general jurisdiction); Holden v. Bah Exp., Inc.,
No. 13-423-SDD-SCR, 2013 WL 6199229, at *3 (M.D. La. Nov. 27,
2013) (defendant's operation of a satellite office in the forum
was insufficient to establish general jurisdiction over the
defendant).[7]

    In sum, this is not a case with "instances in which the
continuous corporate operations within a state [are] so
substantial and of such a nature as to justify suit . . . on
causes of action arising from dealings entirely distinct from
those activities."  Daimler AG, 134 S. Ct. at 761 (emphasis in

---

    [7] Bulwer makes a passing reference to the availability of
online courses and suggests that "New Hampshire residents are
aware of the school's presence in the locality and can take any
number of courses offered online as scheduled each semester,
although not offered in Manchester."  Obj. (doc. no. 17) at 4.
The mere fact that New Hampshire residents may have taken online
courses is not enough to establish general jurisdiction over the
College.  See, e.g., Cossaboon, 600 F.3d at 35 ("MMC's website is
available to anyone with internet access and does not target New
Hampshire residents in particular.  Although MMC's interactive
website advertises MMC's services and may increase the chance
that users turn to MMC for their healthcare needs, that is no
more true of New Hampshire residents than it is of any other
visitors to the website.").

original) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 318 (1945)).  The factual allegations set forth in Bulwer's complaint and objection to the College's motion to dismiss do not state a prima facie case for general jurisdiction.

### Conclusion

For the foregoing reasons, the defendant's motion to dismiss for lack of personal jurisdiction (document no. 15) is granted. The plaintiff's claims are dismissed without prejudice to refiling in a jurisdiction where personal jurisdiction over the defendant is proper.

The clerk of the court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 4, 2014

cc:  Katherine Ann Guarino, Esq.
     John A. Houlihan, Esq.
     Frank B. Mesmer, Jr., Esq.